UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SAMMY ALAZO,**

    **Plaintiff,**

v.                                        **Case No. 8:21-cv-548-AAS**

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

Sammy Alazo counsel moves for an award of **$8,073.00** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 27). The Commissioner does not oppose Mr. Alazo's counsel's request.[2] (*Id.* at 7–8).

Mr. Alazo applied for social security disability benefits, which was denied initially and on reconsideration. (Tr. 87, 108, 228). Mr. Alazo then requested a hearing before an ALJ, who found Mr. Alazo not disabled. (Tr. 25–56). The

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

Appeals Council denied Mr. Alazo's request for review of the ALJ's decision. (Tr. 1–6). Mr. Alazo then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Mr. Alazo. (Docs. 23, 24).

The Commissioner found Mr. Alazo disabled on remand. (Doc. 27, Ex. 1). The Social Security Administration withheld $8,073.00 from Mr. Alazo's past-due benefits to pay his attorney's fees. (Doc. 27, Ex. 1, p. 2). Mr. Alazo's counsel now requests the full $8,073.00 from that award under 42 U.S.C. § 406(b). (Doc. 27).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Mr. Alazo agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $8,073.00 is appropriate. *See* (Doc. 27, Ex. 2).

The court awarded Mr. Alazo's counsel $2,714.93 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 26). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Mr. Alazo counsel must refund any attorney's fees awarded under the EAJA.

Thus, Mr. Alazo's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 27) is **GRANTED.** Mr. Alazo's counsel is awarded **$8,073.00** in attorney's fees and must refund to Mr. Alazo any attorney's fees received under the EAJA.

**ORDERED** in Tampa, Florida on August 2, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.